UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL TABMAN,                     )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    Civil Action No. 08-2203 (PLF)
                                    )
FEDERAL BUREAU OF                   )
  INVESTIGATION, *et al.*,          )
                                    )
            Defendants.             )
_____ )

OPINION

This matter is before the Court on defendants' motion to dismiss and on plaintiff's motion to amend his complaint. After careful consideration of the parties' papers, the attached exhibits, and the relevant statutes and case law, the Court will grant defendants' motion and will deny plaintiff's motion as futile.[1]

I. BACKGROUND

Plaintiff Michael Tabman is a former Special Agent In Charge of the Minneapolis Field Office of the Federal Bureau of Investigation. See Complaint ("Compl.") ¶ 2. In August 2006, Special Agent Harry Samit, whose work plaintiff oversaw, informed the FBI Office of Professional Responsibility ("OPR") that plaintiff had retaliated against Mr. Samit in response to certain protected disclosures that Mr. Samit had made. See Compl. ¶ 12; Mot., Statement of

---

[1] The Court considered the following papers in connection with this motion: Defendants' Motion to Dismiss ("Mot."), Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opp."), Defendants' Reply ("Rep."), Plaintiff's Motion for Leave of Court to File an Amended Complaint and Defendants Response to Plaintiff's Motion for Leave of Court to File an Amended Complaint.

Facts ("Def. Facts") ¶ 4. In response to this allegation, FBI OPR opened an investigation. See Compl. ¶ 12; Def. Facts ¶ 4. On January 2, 2007, the investigation concluded with a recommendation that plaintiff be dismissed from FBI service. See Compl. ¶ 19; Def. Facts ¶ 5. Plaintiff retired from the FBI in March 2007. See Def. Facts ¶ 7.

Plaintiff filed suit on December 19, 2008, naming as defendants the FBI and FBI Deputy Director John Pistole in his individual capacity.[2] In this lawsuit he asserts three causes of action. The first is for intentional infliction of emotional distress against the FBI, which plaintiff asserts under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The second cause of action is against Mr. Pistole and seeks money damages for alleged violations of plaintiff's constitutional rights under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The third cause of action is against the FBI and asserts that the FBI deprived plaintiff of procedural due process in violation of the Fifth Amendment to the United States Constitution. Defendants have moved to dismiss all three claims on multiple grounds, including for failure to state a claim and for lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

*A. Motion to Dismiss Pursuant to Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. See, e.g., Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir.

---

[2] Plaintiff has since filed a related lawsuit involving the same basic facts which names as the defendant the United States Department of Justice Office of the Inspector General. See Tabman v. Dep't of Justice, Civil Action No. 09-0880. That lawsuit also is pending before this Court.

2005); Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). In determining whether to grant a motion to dismiss for lack of subject matter jurisdiction, the Court must construe the complaint in the plaintiff's favor and treat all well-pled allegations of fact as true. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). The Court need not accept unsupported inferences or legal conclusions cast as factual allegations. See Primax Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 47 (D.D.C. 2003). Under Rule 12(b)(1), the Court may dispose of the motion on the basis of the complaint alone or it may consider materials beyond the pleadings, "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." Scolaro v. D.C. Board of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).

*B. Motion for Summary Judgment Pursuant to Rule 56*[3]

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it

---

[3] The Court has converted defendants' motion to dismiss plaintiff's claim under the Due Process Clause of the Fifth Amendment for failure to state a claim into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure because the defendants rely on materials outside the pleadings in support of their motion and the Court has relied on some of these materials in reaching its decision.

might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895. "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255. See also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284 (D.C. Cir. 1998) (en banc); Washington Post Co. v. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). He is required to provide evidence that would permit a reasonable jury to find in her favor. See Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the nonmovant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. 372, 380 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Electric Industrial

4

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support his claims." Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

III. DISCUSSION

*A. Plaintiff's Due Process Claim*

Plaintiff alleges that the FBI violated a liberty interest protected by the Fifth Amendment guarantee of procedural due process in the way that it investigated him and decided to remove him from the FBI. See Compl. ¶¶ 41-46. He asserts that he "was deprived of a liberty interest without a fair opportunity to affect the judgment or result affecting his employment and benefits at the FBI." See id. ¶ 42. Plaintiff asserts that the FBI's actions have "deprived and will continue to deprive Plaintiff of opportunities of continued activity in his chosen profession of federal employment." Plaintiff continues, "the FBI has stigmatized Plaintiff and will continue to effectively publicly stigmatize his reputation and impart a 'status change' upon him that implicates and will continue to implicate his liberty interests." See id. ¶ 45.

Through these allegations, plaintiff seeks to assert what is known as a due process "stigma" claim. See Holman v. Williams, 436 F. Supp. 2d 68, 79 (D.D.C. 2006). The Supreme Court, in Board of Regents v. Roth, suggested that a protected liberty interest may be violated where there is an adverse employment action by the government and "a stigma or other disability [] foreclosed [the plaintiff's] freedom to take advantage of other employment opportunities." Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972). See also O'Donnell v. Barry, 148 F.3d 1126, 1140-41 (D.C. Cir. 1998). As the court of appeals has explained, "[t]he Constitution protects an

5

individual's 'right to follow a chosen trade or profession' without governmental interference . . . . Government action that has the effect of 'seriously affecting, if not destroying' a plaintiff's ability to pursue his chosen profession . . . or 'substantially reducing the value of his human capital,' thus infringes a liberty interest." O'Donnell v. Barry, 148 F.3d at 1141 (internal citations omitted). Based on plaintiff's allegations, the Court will assume, without deciding, that defendants' actions deprived plaintiff of a protected liberty interest.

When the government has infringed upon a person's protected liberty interest, the person has a due process right to notice and an opportunity to refute the charges against him or her and to clear his or her name. See Peter B. v. CIA, 620 F. Supp. 2d 58, 71 (D.D.C. 2009) (citing Doe v. U.S. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985)). In this case, the government has proffered evidence that plaintiff was afforded just such an opportunity. When OPR completed its investigation of plaintiff, it provided him with a letter detailing the charges against him, the evidence supporting them, and the recommendation that he be dismissed. See Mot., Ex A (letter from OPR to plaintiff dated Jan. 2, 2007). At the conclusion of the letter there are six paragraphs entitled "Procedural Protections." See Ex. A. at 6-7. As stated in the letter, plaintiff was permitted to request a review of the material relied upon by OPR; he and/or his attorney were permitted to provide a written response to the proposed action, including reference to documentary or other exculpatory evidence; and he was permitted to request an oral presentation of his position. See id. at 6-7. According to defendants, plaintiff did not avail himself of any of these protections, choosing instead to retire. See Mem. at 31. Plaintiff's opposition brief does not dispute defendants' assertions that he did not pursue the process offered

to him, and the Court will treat this assertion as undisputed for the purpose of this motion.[4]

The process offered by the FBI in its January 2, 2007 letter to plaintiff was constitutionally adequate. It stated what the proposed action was — to remove plaintiff — and provided the reasons for that proposal in some detail. Plaintiff was offered the opportunity to respond in a meaningful way, either in writing or orally, with evidence, and with the assistance of an attorney. As the "essential requirements of due process . . . are notice and an opportunity to respond," plaintiff has not been deprived of his rights under the due process clause. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985). See also Tabb v. District of Columbia, 605 F. Supp. 2d 89, 97 (D.D.C. 2009). The Court will grant judgment for defendants on Count Three of plaintiff's complaint, the procedural due process claim.

---

[4] "Rule 56 contains 'no express or implied requirement' that the movant 'support its motion with affidavits or other similar materials negating the opponent's claim.'" Moncada v. Peters, 579 F. Supp. 2d 46, 50 (D.D.C. 2008) (quoting Celotex Corp. v. Catrett, 477 U.S. at 323). See also FED. R. CIV. P. 56(a), (b). As a result, when the nonmoving party bears the ultimate burden of proof at trial on a dispositive issue or issues, the moving party may carry its initial burden on summary judgment by doing no more than "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case" and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. at 325; see 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D, § 2727 at 474 (1998); 11 MOORE'S FEDERAL PRACTICE § 56.13[1] at 56-138 (3d ed. 2002). Once the moving party has done so, it has carried its initial burden, and "the burden shifts to the nonmovant to demonstrate that there *are* genuine issues of material fact in dispute requiring a trial." Moncada v. Peters, 579 F. Supp. 2d at 51 (emphasis in original). Unless the nonmovant then offers some competent evidence showing that there is a genuine issue as to a material fact, the Court will grant summary judgment for the moving party. See WRIGHT, MILLER & KANE, § 2727 at 486.

### B. Plaintiff's Claim for Intentional Infliction of Emotional Distress Pursuant to the FTCA

The United States is immune from suit unless it waives its sovereign immunity through an act of Congress. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act provides such a waiver in civil damages actions based on "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b); see F.D.I.C. v. Meyer, 510 U.S. at 475 (FTCA waived sovereign immunity of the United States for "certain torts committed by federal employees"). A waiver of sovereign immunity, however, must be "strictly construed, in terms of its scope, in favor of the sovereign." Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 575 (D.C. Cir. 2003) (quoting Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999)). A party bringing suit against the United States bears the burden of proving that the government has unequivocally waived its immunity for the type of claim involved. See Tri-State Hosp. Supply Corp. v. United States, 341 F.3d at 575. The burden is on a party asserting jurisdiction under the FTCA to demonstrate that the claim asserted is the kind permitted by statute and that the conduct giving rise to the action occurred within the scope of the government employee's employment. See 28 U.S.C. §§ 1346(b), 2680.

Defendants maintain that the United States has not waived sovereign immunity in this case because the acts challenged by plaintiff fall within the discretionary function exception to the FTCA, one of several exceptions to the FTCA's waiver of sovereign immunity. See 28 U.S.C. § 2680(a). The FTCA provides that the jurisdiction given to district courts under 28

U.S.C. § 1346(b)(1) *does not apply* in cases where a claim is:

> based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). See also Hayes v. United States, 539 F. Supp. 2d 393, 399-400 (D.D.C. 2008). As the Supreme Court explained in United States v. Gaubert, 499 U.S. 315, 324 (1991), the rationale behind the discretionary function exception is that "when established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." "In such cases, there is no waiver of sovereign immunity and the government is protected from suit. By contrast, if there is no discretionary function involved, the United States has waived its sovereign immunity and the federal district courts have subject matter jurisdiction over the claim." Hayes v. United States, 539 F. Supp. at 400.

The Supreme Court has established a two-part test for determining whether the government conduct challenged by a plaintiff falls under the discretionary function exception. See United States v. Gaubert, 499 U.S. at 322-23 (citing Berkovitz v. United States, 486 U.S. 531, 536-37 (1988)). First, a court must look to the nature of the act and whether it involves an "element of judgment or choice." United States v. Gaubert, 499 U.S. at 322 (quoting Berkovitz v. United States, 486 U.S. at 536). The Court explained that when a "federal statute, regulation, or policy specifically prescribes a course of action," there is no judgment or choice involved and the discretionary function exception therefore does not apply because "the employee has no

9

rightful option but to adhere to the directive." United States v. Gaubert, 499 U.S. at 322 (quoting Berkovitz v. United States, 486 U.S. at 536). Assuming the conduct at issue involves an element of judgment, the Court then must consider whether that judgment is the kind of judgment that the discretionary function was designed to shield. See Hayes v. United States, 539 F. Supp. at 400. "Because the purpose of the exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort," when properly construed, the exception "protects only governmental actions and decisions based on considerations of public policy." United States v. Gaubert, 499 U.S. at 323 (quoting Berkovitz v. United States, 486 U.S. at 537).

The acts that form the basis for this lawsuit are the FBI's investigation of plaintiff and its subsequent proposed removal of him from the FBI. In general, personnel decisions by a government employer are considered discretionary under the FTCA and therefore immune from judicial review. Gustave-Schmidt v. Chao, 226 F. Supp. 2d 191, 197 (D.D.C. 2002) (quoting Beebe v. WMATA, 129 F.3d 1283, 1287 (D.C. Cir. 1997) ("[d]ecisions concerning the hiring, training and supervision [of a sovereign entity's] employees are discretionary in nature, and thus immune from judicial review" under the FTCA). So too are many decisions by agency officials to investigate personnel — just as the decision to initiate a criminal prosecution has long been considered a discretionary function, "agency officials performing certain functions analogous to those of a prosecutor" are not subject to suit under the discretionary function exception to the FTCA. Sloan v. United States Dep't of Housing and Urban Development, 236 F.3d 756, 760 (D.C. Cir. 2001) (quoting Butz v. Economou, 438 U.S. 478, 515 (1978)). See also Gray v. Bell 712 F.2d 490, 515-16 (D.C. Cir. 1983).

Plaintiff concedes that established case law makes clear that decisions whether or not to initiate prosecution are discretionary within the meaning of the FTCA's discretionary function exception, see Opp. at 8, but he notes that certain categories of prosecutorial misconduct may be "removed sufficiently from the decision to prosecute so that the discretionary function clause would not provide any protection." Gray v. Bell, 712 F.2d at 515. Plaintiff argues that his case is similar to the type of prosecutorial misconduct described in Gray v. Bell because in their investigation of him, "defendants breached an affirmative duty to conduct themselves in a manner that is fair, impartial, and affords the Plaintiff the protections he is entitled to under the Constitution." Opp. at 8. This, he says, amounted to non-discretionary tortious conduct. See id. at 6.

In order to succeed under Gray, plaintiff "must allege that the defendant 'breached a duty sufficiently separable from the decision-making function to be non-discretionary and outside the exception.'" Gustave-Schmidt v. Chao, 226 F.2d at 199 (quoting Gray v. Bell, 712 F.2d 515-16). Plaintiff attempts to do so by arguing that defendants violated standards for investigation established by three documents: (1) "Quality Standards for Investigations" promulgated by the President's Council on Integrity and Efficiency and Executive Council on Integrity and Efficiency, December 2003; (2) "The Federal Bureau of Investigation's Compliance with the Attorney General's Investigative Guidelines" published by the Department of Justice's Office of the Inspector General in September 2005; and (3) "Government Auditing Standards," as amended in January 2002, promulgated by the Government Accountability Office. See Opp.

at 12-13.[5] Even assuming that any of these three documents set forth binding requirements, the only specific duty set forth by these documents that plaintiff asserts defendants violated is that the investigation must be independent and unbiased. See Opp. at 13-14.[6]

Where the investigator's conduct during an investigation is "inextricably tied" to the overall discretionary decision to investigate and then prosecute a plaintiff, such actions are included within the discretionary function exception to FTCA jurisdiction. See Gustave-Schmidt v. Chao 226 F. Supp. 2d at 199. This conclusion is true "even if there was an 'improper, tortious, and constitutionally defective manner in which the investigation was carried [out].'" Id. (quoting Gray v. Bell, 712 F.2d at 515-16). See also Shuler v. United States, 531 F.3d 930, 935 (D.C. Cir. 2008) ("the discretionary function immunizes even government abuses of discretion"). As in Gustave-Schmidt v. Chao, 226 F. Supp. 2d at 199, plaintiff's allegations about the deficiencies of the investigation are inextricably intertwined with the outcome of the investigation and the discretionary decision to propose his removal. Plaintiff's claim against the United States for intentional infliction of emotional distress therefore is barred by the discretionary function exception to the FTCA. The Court will dismiss Count One for lack of

---

[5] Plaintiff also argues that defendants violated nondiscretionary procedural rights established by the Fifth Amendment, but as discussed, *supra* at 5-7, the Court has granted judgment in defendants' favor on this claim.

[6] Plaintiff makes numerous other allegations about the deficiencies of the investigation but, with one exception, he does not tie them to the directives from any of these documents. Plaintiff does argue that defendants' search of the Minneapolis Field Office violated established directives, see Opp. at 13, but the Court disagrees with plaintiff because as the defendants explain in their reply brief the supposed directives are not mandatory. See Rep. at 11.

subject matter jurisdiction.[7]

## C. Plaintiff's Bivens Claim

Plaintiff seeks money damages for a constitutional tort — deprivation of procedural due process rights — from Mr. Pistole in his individual capacity. See Compl. ¶ 36. See Bivens v. Six Unknown Named Agents, 403 U.S. at 389. See also Correctional Services Corp. v. Malesko, 534 U.S. 61, 66-68 (2001); Scinto v. Fed. Bureau of Prisons, 608 F. Supp. 2d 4, 8 (D.D.C. 2009). Defendants move to dismiss on the grounds that plaintiff never properly served Mr. Pistole and for failure to state a Bivens claim.

Rule 4(i)(3) of the Federal Rules of Civil Procedure provides that to sue an officer or employee of the United States in his or her individual capacity in connection with duties performed on the behalf of the United States, a plaintiff must serve *both* the United States and the officer or employee *as an individual*. Fed. R. Civ. P. 4(i)(3). Rule 4(e) requires that an individual within a judicial district of the United States may be served by "(A) delivering a copy of the summons and the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e). Plaintiff served Mr. Pistole by sending a copy of the summons and complaint by certified mail to the FBI headquarters in the District of Columbia where someone other than Mr. Pistole signed for it. See Affidavit of Mailing, Dkt.

---

[7] Because the Court has determined that plaintiff's constitutional and tort allegations will not go forward, it need not reach defendants' arguments that these claims are precluded by various other federal statutes.

13

No. 4 (May 15, 2009). Plaintiff does not dispute that this was the method by which he attempted to serve Mr. Pistole. Serving Mr. Pistole by certified mail at his place of business does not meet the requirements of Rule 4(e). See Jackson v. Telford, Civil Action No. 05-0504, 2006 U.S. Dist. LEXIS 62625 at *9 (D.D.C. Sept. 5, 2006) (citing FED. R. CIV. P. 4(e); Leichtman v. Koons, 527 A.2d 745, 747 (D.C. 1987)).

Plaintiff requests that if the Court finds that service was inadequate, it grant the plaintiff an extension of time to effect proper service. See Opp. at 24. Doing so in this case would be futile, however, because the Court has already found that plaintiff's procedural due process rights were not violated in this case. See supra at 5-7. Plaintiff's allegations against Mr. Pistole are based on the same alleged deprivation — plaintiff's asserted liberty interest in not being stigmatized by the loss of his employment. See Compl. ¶¶ 34-40. Plaintiff does not assert any allegations regarding Mr. Pistole's conduct to suggest that he was deprived of any additional liberty or property interest or that raise a different theory of his procedural due process claim. Having already concluded that judgment should be granted in favor of the FBI on plaintiff's procedural due process claim because plaintiff was offered constitutionally adequate process, the Court would reach the same conclusion with regard to plaintiff's allegations against Mr. Pistole. There therefore is no reason to permit plaintiff additional time to serve Mr. Pistole properly or to permit him to amend his complaint. The Court will dismiss Count Two of plaintiff's complaint.[8]

---

[8] Defendants also move to dismiss Count One of the complaint, plaintiff's FTCA claim, on the ground that plaintiff is required to sue the United States, not a federal agency, under the FTCA. See Mot., Memorandum in Support ("Mem.") at 11. Plaintiff has moved to amend the complaint to substitute the United States as a defendant. Because the Court finds that judgment should be granted against plaintiff on this claim on other grounds, the Court will deny the motion as futile. See FED. R. CIV. P. 15(a)(2).

## IV.  CONCLUSION

For the reasons stated above, the Court will dismiss Counts One and Two of plaintiff's complaint and will grant summary judgment for the defendants on Count Three of the complaint.  An Order to accompany this Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 22, 2010